UNITED STATES of America,
Plaintiff-Appellee,

v.

Francis David WENZEL, Defendant-
Appellant.

No. 23986.

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1970.

Rehearing Denied March 20, 1970.

Alan Saltzman (argued), Hollywood, Cal., for defendant-appellant.

Alan H. Friedman (argued), Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the district court finding defendant (herein "appellant") in violation of the Selective Service Act of 1967, 50 U.S.C. App. § 462, for refusing to submit to induction, and sentencing him to imprisonment for three years. Our appellate jurisdiction is founded upon 28 U.S.C. § 1291.

At trial the only evidence introduced was Government's Exhibit No. 1, a certified copy of the appellant's Selective Service file. The primary facts pertinent to this appeal are readily stated.

Appellant was classified I–A by his local board on December 12, 1966, and was mailed on June 20, 1967 an order to report for induction on July 5, 1967. On June 23, 1967, however, appellant sought from his local board a special form for conscientious objectors ("Form 150"). The form, after modification by the clerk of the board, was given to appellant with instructions to complete it and bring it back to the office on or before June 28, 1967.

The board received the completed form on June 28 and appellant's induction was thereafter postponed; nevertheless, on July 11, 1967 appellant was advised that the facts presented in the form did not warrant the reopening or reclassification of his case. Subsequently, on July 28, 1967, appellant was instructed to report for induction on August 22, 1967. Appellant appeared at the induction center at the appointed date and time but refused to submit to induction.

Three basic contentions are raised by appellant: (1) that he was denied procedural due process by being given only five days to complete the Form 150; (2) that he was denied due process because the board did not advise him that before considering the merits of his post-induction-order claim for conscientious objector classification the board must first find that there had been a change in his status resulting from circumstances over which he had no control; and (3) that the board's refusal to reopen his classification respecting his post-induction-order conscientious objector claim was improper.

The judgment of the court below must be affirmed, entirely aside from appellant's contentions in light of our recent decision in Ehlert v. United States, 422 F.2d 332, decided February 2, 1970.

*Ehlert* stands for the proposition that once an induction order has been issued to a registrant, the registrant is foreclosed from having his classification reopened by his local board on the ground that he is suddenly a conscientious objector. Thus, since each of appellant's contentions are premised on the idea that a registrant may properly assert a post-induction-order conscientious objector claim, appellant's position with respect to this appeal is untenable.

Affirmed.